```
                        UNITED STATES DISTRICT COURT
                         NORTHERN DISTRICT OF OHIO
                              EASTERN DIVISION
```

| | |
|---|---|
| COREY HAINES, | CASE NO. 5:16CV2560 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE<br>GEORGE J. LIMBERT |
| NANCY A. BERRYHILL,[1]<br>ACTING COMMISSIONER OF SOCIAL<br>SECURITY ADMINISTRATION, | MEMORANDUM OPINION<br>AND ORDER |
| Defendant. | |

Plaintiff Corey Haines ("Plaintiff") requests judicial review of then final decision of the Commissioner of Social Security Administration ("Defendant") denying his application for Supplemental Security Income ("SSI"), ECF Dkt. #1. In his brief on the merits, filed on February 13, 2017, Plaintiff asserts that the administrative law judge ("ALJ"): (1) erred in the application of res judicata; and (2) violated the treating physician rule. ECF Dkt. #13. Defendant filed a response brief on April 12, 2017. ECF Dkt. #15. Plaintiff did not file a reply brief.

For the following reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

## I.   **PROCEDURAL HISTORY**

In August 2013, Plaintiff filed an application for SSI alleging disability beginning on February 16, 2012. ECF Dkt. #10 ("Tr.") at 175.[2] Plaintiff's claim was denied initially and upon reconsideration. *Id.* at 96, 123. Subsequently, Plaintiff requested a hearing, which was held on October 13, 2015. *Id.* at 30. On October 28, 2015, the ALJ denied Plaintiff's application for SSI.

---

[1] On January 23, 2017, Nancy A. Berryhill became the acting Commissioner of Social Security, replacing Carolyn W. Colvin.

[2] All citations to the Transcript refer to the page numbers assigned when the Transcript was filed in the CM/ECF system rather than the page numbers assigned when the Transcript was compiled. This allows the Court and the parties to easily reference the Transcript as the page numbers of the .PDF file containing the Transcript correspond to the page numbers assigned when the Transcript was filed in the CM/ECF system.

*Id.* at 11. The Appeals Council denied Plaintiff's request for review of the ALJ's decision. *Id.* at 1. Accordingly, the decision issued by the ALJ on October 28, 2015, stands as the final decision.

On October 20, 2016, Plaintiff filed the instant suit seeking review of the ALJ's decision. ECF Dkt. #1. Plaintiff filed a brief on the merits on February 13, 2017. ECF Dkt. #13. Defendant filed a response brief on April 12, 2017. ECF Dkt. #15. Plaintiff did not file a reply brief.

## II.      **RELEVANT PORTIONS OF THE ALJ'S DECISION**

The ALJ issued an unfavorable decision on October 28, 2015. Tr. at 11. In the decision, the ALJ indicates that this case raised the issue of res judicata, and cited and described *Drummon*d *v. Comm'r of Soc. Sec.*, 126 F.3d 837 (6th Cir. 1997). The ALJ then stated that Plaintiff had not engaged in substantial gainful activity since August 6, 2013, the date of his application. *Id.* at 17. Continuing, the ALJ stated found that no new and material evidence concerning Plaintiff's functioning existed, and adopted the findings of the prior ALJ. *Id.* The ALJ then determined that Plaintiff had the following severe impairments: degenerative disc disease; bipolar disorder; depressive disorder; mood disorder; posttraumatic stress disorder; and polysubstance abuse. *Id.* Next, the ALJ stated that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.*

After consideration of the record, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. §§ 416.967(b), with the following additional limitations: simple, routine, and repetitive tasks, but not at a production rate pace; no work involving arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety or welfare of others; and occasional interaction with supervisors, coworkers, and the public. Tr. at 20. The ALJ then indicated that Plaintiff had past relevant work as a server, was a younger individual on the application date, and had at least a high school education and could communicate in English. *Id.* at 22. Next, the ALJ stated that the transferability of job skills was not an issue because Plaintiff's past relevant work was unskilled. *Id.* at 23. Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined that jobs existed in significant numbers in the national economy that Plaintiff could perform. *Id.* Based on

these reasons, the ALJ found that Plaintiff had not been under a disability, as defined in the Social Security Act, since August 6, 2013, the date the application was filed. *Id.* at 23.

### III. STEPS TO EVALUATE ENTITLEMENT TO SOCIAL SECURITY BENEFITS

An ALJ must proceed through the required sequential steps for evaluating entitlement to social security benefits. These steps are:

1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b) and 416.920(b) (1992));

2. An individual who does not have a "severe impairment" will not be found to be "disabled" (20 C.F.R. §§ 404.1520(c) and 416.920(c) (1992));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement, see 20 C.F.R. § 404.1509 and 416.909 (1992), and which meets or is equivalent to a listed impairment in 20 C.F.R. Pt. 404, Subpt. P, App. 1, a finding of disabled will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d) and 416.920(d) (1992));

4. If an individual is capable of performing the kind of work he or she has done in the past, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e) and 416.920(e) (1992));

5. If an individual's impairment is so severe as to preclude the performance of the kind of work he or she has done in the past, other factors including age, education, past work experience and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f) and 416.920(f) (1992)).

*Hogg v. Sullivan*, 987 F.2d 328, 332 (6th Cir. 1992). The claimant has the burden to go forward with the evidence in the first four steps and the Commissioner has the burden in the fifth step. *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

### IV. STANDARD OF REVIEW

Under the Social Security Act, the ALJ weighs the evidence, resolves any conflicts, and makes a determination of disability. This Court's review of such a determination is limited in scope by §205 of the Act, which states that the "findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). Therefore, this Court's scope of review is limited to determining whether substantial evidence supports the findings of the Commissioner and whether the Commissioner applied the correct legal standards. *Abbott v. Sullivan*, 905 F.2d 918, 922 (6th Cir. 1990).

The substantial-evidence standard requires the Court to affirm the Commissioner's findings if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cole v. Astrue*, 661 F.3d 931, 937, citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation omitted). Substantial evidence is defined as "more than a scintilla of evidence but less than a preponderance." *Rogers v. Comm'r of Soc. Sec.,* 486 F.3d 234 (6th Cir. 2007). Accordingly, when substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if a preponderance of the evidence exists in the record upon which the ALJ could have found plaintiff disabled. The substantial evidence standard creates a "'zone of choice' within which [an ALJ] can act without the fear of court interference." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir.2001). However, an ALJ's failure to follow agency rules and regulations "denotes a lack of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Cole, supra*, citing *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir.2009) (internal citations omitted).

## V.  LAW AND ANALYSIS

### A.  New and Material Evidence

Plaintiff first asserts that the ALJ erred in the determination that she failed to provide new and material evidence showing deterioration in his mental RFC since February 16, 2012, the date or the decision of the prior ALJ.[3] ECF Dkt. #13 at 9. Specifically, Plaintiff avers that new and material evidence created after February 2012 includes diagnoses of a panic disorder and a personality disorder with dependant and avoidant traits, and sets forth symptoms and limitations that result in a more restrictive mental functional capacity. *Id.* at 10. Plaintiff states that, subsequent to the prior ALJ's decision, he reported: panic when leaving his home; that his mind raced and he had trouble concentrating; not wanting to leave bed in the morning; dread when going to stores and public places; arguing with his neighbors; and vivid, disturbing nightmares. *Id.* (citing Tr. at 362). Additionally, Plaintiff states that he testified about his anxiety and panic. *Id.* (citing Tr. at 39-40, 42-43, 53, 55, 79, 204-204, 208). Plaintiff also indicates that his counselor , Sean Blake, reported

---

[3]Plaintiff only takes issue with the ALJ's treatment of his mental functioning. *See* ECF Dkt. #13.

-4-

that he was making limited progress and that medications were of little benefit. *Id.* at 10-11 (citing Tr. at 403-404). According to Plaintiff, he has presented evidence showing that his diagnoses, symptoms, and limitations have changed to become more restrictive. *Id.* at 11. Plaintiff states that remand is necessary as the ALJ failed in the analysis of the new and material evidence he presented. *Id.*

Defendant contends that the ALJ properly adopted the prior ALJ's RFC finding because there was no new and material evidence demonstrating changes in Plaintiff's functioning. ECF Dkt. #15 at 15. Continuing, Defendant asserts that the record shows that Plaintiff's symptoms and mental functioning were stable and consistent with the symptoms and functioning described in the prior ALJ's decision. *Id.* In support of this position, Defendant indicates that: treatment notes from Portage Path Behavioral Health ("Portage Path") after a long absence of treatment noted "little change in [Plaintiff's] mood/affect" from May 2012 to January 2013; Plaintiff reported in January 2013 that he experienced minimal improvement with his medication; Plaintiff stated that he was less likely to act out as a result of treatment and that his mood varied around situational stressors; normal mental-status findings were made in January 2013; Plaintiff reported that in May 2013 he was doing a little better, better managing his anxiety and panic when in public, and was continuing his usual activities; in July 2013, Plaintiff reported that with his new medications his anxiety was much better, he was more calm, and his motivation improved as the day progressed; and normal mental-status examination findings were noted in July 2013. *Id.* at 16 (citing Tr. at 283, 301, 303, 313, 315).

Additionally, Defendant indicated that: Plaintiff consistently reported to his prescribing mental-health providers that his medications were helpful and well-tolerated; and the prescribing mental-health providers frequently noted normal or minimal findings on examination and that Plaintiff was at his baseline, improving, or stable. ECF Dkt. #15 at 16 (citing Tr. at 18, 21, 22, 317, 335, 338, 345, 351, 354, 366, 372, 377, 388, 391). Defendant asserts that while Plaintiff reported situational stressors, his counselors notes do not show that his condition changed or deteriorated. *Id.* (citing Tr. at 18, 21, 22, 301, 305, 307, 309, 313, 319, 321, 341, 347, 349, 357, 359, 375-76, 380, 402-403). Continuing, Defendant claims that the decision from the prior ALJ and the decision at issue in the instant matter recount the same narrative - that Plaintiff had minimal improvement with

medication and counseling, continued to engage in avoidant behaviors, experienced excessive anxiety, and had a low frustration tolerance. *Id.* at 16-17. Further, Defendant states that Plaintiff counselor noted "static" or "limited" progress, rather than worsening symptoms of functioning, as alleged by Plaintiff. *Id.* at 17.

Defendant also asserts that Plaintiff relies heavily on his testimony to establish that his condition changed and deteriorated, but that he testified to a continuation of the same symptoms at largely the same level of severity as alleged in his last application. ECF Dkt. #15 at 17. Continuing, Defendant indicates that the ALJ noted that Plaintiff had not required emergency mental-health or in-patient treatment, and that the treatment noted from Portage Path did not indicate clear, material worsening in Plaintiff's condition. *Id.* Defendant also avers that the ALJ was not required to identically adopt the previous ALJ's step two findings, and that the ALJ's inclusion of additional and alternative impairments at step two does not *per se* establish or demonstrate a change or worsening in Plaintiff's condition. *Id.* at 18-19. Finally, Defendant argues that the record does not show a change in Plaintiff's mental functioning and both decisions issued by both ALJ's reflected consideration of his panic/anxiety disorder and avoidant personality type. *Id.* at 19 (citing Tr. at 18, 21, 22, 76-80).

Plaintiff's argument is without merit. *Drummond* stands for the principle that absent evidence of a change in a claimant's condition, a subsequent ALJ is bound by the RFC finding of a previous ALJ. *Drummond*, 126 F.3d at 842. The party seeking to escape the principles of res judicata bears the burden of showing changed conditions. *Id.* at 843. Here, Plaintiff's alleged new and material evidence consists of the following: a single medical source statement; his own testimony at the hearing held on October 13, 2015, and the functional report he completed; and a treatment note from his counselor, Mr. Blake. ECF Dkt. #13 at 10–11 (citing Tr. at 39-40, 42-43, 53, 55, 79, 203-204, 208, 362, 403-404).

While Plaintiff does cite a medical source statement diagnosing him with panic and personality disorders, the overwhelming majority of the evidence shows that his condition has not changed. Plaintiff's treatment at Portage Path in 2012 and 2013 after the prior ALJ's decision indicates that, despite minor ups and downs, he was stable on medications. Tr. at 283, 301, 303,

313, 315. Plaintiff's mental-health providers continually noted normal or minimal findings on examination and that Plaintiff was at his baseline, improving, or stable. *Id.* at 317, 335, 338, 345, 351, 354, 366, 372, 377, 388, 391. The treatment notes show that Plaintiff experienced situational stressors related to his legal and financial troubles, but that his mental health remained largely consistent from the time of the ALJ's prior decision to the decision at issue in this case. *See id.* at 21, 78-80, 301, 305, 307, 309, 313, 317, 319, 321, 335, 338, 341, 345, 347, 349, 351, 354, 357, 359, 366, 372, 375-77, 380, 388, 391, 402-403.

As for Plaintiff's testimony and the functional report he completed, the testimony is largely consistent with the testimony as described by the prior ALJ. *See* Tr. at 18, 21, 39-44, 46-48, 50, 52-58, 77-78. For example, at both hearings Plaintiff described: waking up in the night from nightmares and panic attacks; panicking when in public; and profuse sweating and chest pressure. *See id.* The functional report completed by Plaintiff also describes these same symptoms. *See id.* at 203-10. Accordingly, Plaintiff's testimony and the functional report that he completed do not support a conclusion that his condition has changed since the February 2012 decision by the prior ALJ.

Finally, Plaintiff also cites to treatment notes from his counselor, Mr. Blake. ECF Dkt. #13 at 10-11 (citing Tr. at 403-404). However, these treatment notes do not show that Plaintiff's condition changed. Mr. Blake's treatment notes indicate, among other things, that Plaintiff: "[p]icked up where last engaged in therapy on issues around anxiety and avoidance"; "[c]ontinued to work on approaching fears and stressors in healthy manner"; "[r]eviewed limited progress in treatment and worked with [Plaintiff] on further and more fully engaging in treatment, including necessary efforts needed outside sessions"; "[Plaintiff] responded well to session"; "[a]ppears to be making very limited progress in treatment and frequently goes back into old patterns of behavior"; "[s]eems to have limited willingness to approach stressors and fears in healthy manner"; and "[c]ontinues to engage in avoidant behavior." Tr. at 403. Mr. Blake's treatment notes do not indicate that Plaintiff's condition worsened, but instead show that he continued to experience similar mental limitations, was in stable condition, and was making progress in treatment, albeit "very limited" progress. *See id.* Accordingly, the ALJ correctly determined that the record did not contain

new and material evidence concerning Plaintiff's mental impairments and properly adopted the mental-health restrictions imposed by the prior ALJ.

### **B.     Opinion Evidence**

Next, Plaintiff asserts that the ALJ erred in the evaluation of the opinions of his treating psychiatrist and counselor, resulting in a mental RFC assessment that is not supported by substantial evidence. ECF Dkt. #13 at 11. An ALJ must give controlling weight to the opinion of a treating source if the ALJ finds that the opinion is well-supported by medically acceptable clinical and diagnostic techniques and not inconsistent with the other substantial evidence in the record. *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004). If an ALJ decides to discount or reject a treating physician's opinion, he or she must provide "good reasons" for doing so. Social Security Rule ("SSR") 96-2p. The ALJ must provide reasons that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id.* This allows a claimant to understand how her case is determined, especially when she knows that her treating physician has deemed her disabled and she may therefore "be bewildered when told by an administrative bureaucracy that [s]he is not, unless some reason for the agency's decision is supplied." *Wilson,* 378 F.3d at 544 (quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)). Further, it "ensures that the ALJ applies the treating physician rule and permits meaningful appellate review of the ALJ's application of the rule." *Id.* If an ALJ fails to explain why he or she rejected or discounted the opinions and how those reasons affected the weight afforded to the opinions, this Court must find that substantial evidence is lacking, "even where the conclusion of the ALJ may be justified based upon the record." *Rogers,* 486 F.3d at 243 (citing *Wilson*, 378 F.3d at 544).

The Sixth Circuit has noted that, "while it is true that a lack of compatibility with other record evidence is germane to the weight of a treating physician's opinion, an ALJ cannot simply invoke the criteria set forth in the regulations if doing so would not be 'sufficiently specific' to meet the goals of the 'good reason' rule." *Friend v. Comm'r of Soc. Sec.*, 375 Fed.Appx. 543, 551 (6th Cir. 2010). The Sixth Circuit has held that an ALJ's failure to identify the reasons for discounting opinions, "and for explaining precisely how those reasons affected the weight" given "denotes a lack

of substantial evidence, even where the conclusion of the ALJ may be justified based upon the record." *Parks v. Social Sec. Admin.*, 413 Fed.Appx. 856, 864 (6th Cir. 2011) (quoting *Rogers*, 486 F.3d at 243 ). However, an ALJ need not discuss every piece of evidence in the administrative record so long as he or she considers all of a claimant's medically determinable impairments and the opinion is supported by substantial evidence. *See* 20 C.F.R. § 404.1545(a)(2); *see also Thacker v. Comm'r of Soc. Sec.*, 99 Fed.Appx. 661, 665 (6th Cir. 2004). Substantial evidence can be "less than a preponderance," but must be adequate for a reasonable mind to accept the ALJ's conclusion. *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854 (6th Cir. 2010) (citation omitted).

Regarding the opinion of his treating psychiatrist, Plaintiff claims that the ALJ erred in assigning little weight to the opinion of Sameera Khan, M.D. ECF Dkt. #13 at 12. Plaintiff also takes issue with the ALJ's treatment of the opinion of Mr. Blake, his counselor. *Id.* at 12-13. Continuing, Plaintiff avers that Mr. Blake's opinion was not mentioned by the ALJ "and in one instance is categorized as a report from Ms. Coclefield, APN, whose opinion was given little weight for not being an acceptable medical source." *Id.* at 13-14. Plaintiff argues that the ALJ's failure to mention or consider Mr. Blake's opinion as an acceptable "other source" requires remand. *Id.* at 14. Further, Plaintiff asserts that the professional opinion of Mr. Blake "must be viewed in a similar vein to treating physician or source opinions." *Id.* at 15 (citing *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 379 (6th Cir. 2013)).

Defendant contends that the ALJ provided a detailed analysis of Dr. Khan's opinion and explained that the opinion was inconsistent with the majority of the treatment records from Portage Path. ECF Dkt. #15 at 20. Continuing, Defendant asserts that the record shows that Plaintiff had greater insight and coping mechanisms for his anxiety after he entered alcohol rehabilitation. *Id.* at 21-22. Defendant also states that the ALJ noted that Dr. Khan's opinion was not supported by specific records or incidents, and that the opinion contained no elaboration thereto. *Id.* at 22.

Next, Defendant asserts that the ALJ properly identified the opinions from Ms. Coclefield as she endorsed the document before it was submitted to the ALJ and Plaintiff's counsel at the administrative hearing specifically identified the opinion as Ms. Coclefield's rather than Mr. Blake's. ECF Dkt. #15 at 22-23 (citing Tr. at 35). Defendant states that the ALJ noted that Ms.

Coclefield was not an "acceptable medical source" as defined in the regulations and was instead an "other source." *Id.* at 23. Continuing, Defendant claims that as an "other source," Ms. Coclefield's opinion was not entitled to controlling weight. *Id.* Finally, Defendant states that Mr. Blake did not treat Plaintiff on a regular basis, as claimed by Plaintiff, but rather the record showed significant gaps in sporadic treatment. *Id.* at 24.

Plaintiff's argument is without merit. Regarding Dr. Khan's opinion, the ALJ explained that little weight was assigned to the opinion because the opinion: was inconsistent with the majority of the records from Portage Path; failed to address numerous reports from 2014 of Plaintiff showing greater insight and coping mechanisms for his anxiety subsequent to his alcohol treatment; did not cite any records or incidents to support the rather severe restrictions put forth; and was based primarily on Plaintiff's subjective allegations, which were not fully credible due to inconsistencies that existed between the allegations and the objective evidence. Tr. at 21. Contrary to Plaintiff's position, a review of the record supports the ALJ's conclusion regarding Dr. Khan's opinion. Dr. Khan's opinion is inconsistent with the substantial evidence presented in this case, and cites no medical evidence when assigning relatively extreme limitations to Plaintiff. *See id.* at 365-66. The treating physician rule requires that the ALJ provide "good reasons" for assigning less than controlling weight to the opinion of a treating physician. Here, the ALJ has provided the required "good reasons" by identifying that Dr. Khan's opinion was inconsistent with the objective medical evidence, failed to address Plaintiff's progress with alcohol treatment, and was based on Plaintiff's subjective complaints, which were not fully credible, rather than medical evidence. *See id.* at 21.

The ALJ also properly addressed Ms. Coclefield's opinion. Ms. Coclefield was not a treating source, but was instead another source, and thus the ALJ was not required to provide "good reasons," as defined by the treating physician rule, when discounting her opinion. The ALJ considered Ms. Coclefield's opinion and assigned it little weight because she did not address Plaintiff's admitted improvements in anxiety and depression subsequent to alcohol treatment, or his positive responses to consistent psychiatric medications. Tr. at 22. The ALJ had broad discretion when evaluation Ms. Coclefield's opinion since she was an "other source." *See Brown v. Comm'r of Soc. Sec.*, 591 Fed.Appx. 449, 451 (6th Cir. 2015). Here, the ALJ evaluated Ms. Coclefield's

opinion and explained why it was assigned little weight, as was required by the applicable regulations. *See* 20 C.F.R. §§ 416.902, 416.913, and 416.927; Social Security Ruling ("SSR") 06-03p. Additionally, Plaintiff is incorrect in asserting that the ALJ was required to address every factor set forth in 20 C.F.R. § 416.927 when evaluating Ms. Coclefield's opinion because she was not a treating source. *See Gayheart*, 710 F.3d at 378; *Francis v. Comm'r of Soc. Sec.*, 414 Fed.Appx. 802, 804 (6th Cir. 2011); SSR 06-03p. Rather, the factors of 20 C.F.R. § 416.927 "can be applied to 'other sources.'" SSR 06-03p. There is no requirement that the factors be applied.

As for Mr. Blake's opinion, the opinion that Plaintiff cites in his brief is the same opinion that was signed by Dr. Khan. ECF Dkt. #13 at 12-13 (citing Tr. at 361-62). The ALJ considered this opinion and explained why it was assigned little weight, as discussed above. There is no requirement that the ALJ evaluate the opinion a second time since it was signed by Mr. Blake in additional to Dr. Khan. Moreover, since the ALJ assigned little weight to the opinion as submitted by Dr. Khan, Plaintiff's treating physician, there is no reason why the ALJ would be required to further evaluate the opinion as submitted by Mr. Blake, an "other source," as any opinion submitted by Mr. Blake was subject to less stringent evaluation requirements than the opinion submitted by Dr. Khan. Accordingly, Plaintiff has failed to show that the ALJ violated the treating physician rule or improperly treated another opinion submitted as to his mental functioning.

## **VI.** **CONCLUSION**

For the foregoing reasons, the Court AFFIRMS the decision of the ALJ and dismisses the instant case in its entirety with prejudice.

Date: March 19, 2018                  */s/George J. Limbert*
                                                       GEORGE J. LIMBERT
                                                       UNITED STATES MAGISTRATE JUDGE